677. JUDGMENT & DECREES—1. Where cognovit judgment recites that note and warrant of attorney were attached to petition; prima facie case established in favor of holder of judgment.

2. On motion to vacate such judgment, incumbent upon movant to produce sufficient evidence to satisfy trial court that it was not taken in open court.

FERNEDING, J.

The Dayton Savings and Loan Co. took a judgment against the Dimler Mfg. Co., Nov. 13, 1924, upon a cognovit note. It seems that one Dineen, by virtue of a warrant of attorney, appeared in open court and confessed judgment for the amount of said note. The proceedings were regular except that the petition did not have attached thereto a copy of the note and warrant of attorney.

On Feb. 18, 1925, a motion was filed in the Montgomery Common Pleas by the Manufacturing Co. to vacate the judgment, it being claimed that the judgment was not taken in open court and the note upon which suit was brought was not attached to the petition. On March 13, 1925, the motion was overruled. Error was prosecuted, and the Court of Appeals in affirming the judgment held:

1. The cognovit judgment recites that it was taken in open court and it would have been incumbent upon the Mfg. Co. to produce sufficient evidence to satisfy the trial court that such judgment was not taken in open court.

2. Since the judgment expressly recited that the note and warrant of attorney were attached to the petition, a prima facie case was made in favor of the holder of the judgment.

3. It would require some evidence to overthrow the express recital of the court below.

4. None having been preserved by the bill of exceptions, it must be presumed that sufficient evidence was not offered to overthrow the prima facie case made by the recitals in the judgment.

5. Alleged failure to attach warranty of attorney would not constitute want of jurisdiction, but at most an irregularity which would require an equitable showing of a good defense under 11637 GC. No such showing having been made the judgment of the court in overruling the motion to vacate is affirmed.

Attorneys—Marshall & Harlan for Mfg. Co; Munger & Kennedy for Bank; all of Dayton.

---

No. 695

WALKER v. WALKER

Ohio Appeals, 7th Dist., Mahoning Co.

Decided March 20, 1925

419. DOWER—1. Is only allowed to widow, who was the wife of the person dying, at the time of his death.

2. After divorce is granted, relation of husband and wife ceases and former wife not being wife at time of death of former husband is not his widow thereafter and not entitled to, under 8606 GC.

ROBERTS, J.

Catherine Walker brought an action in the Mahoning Common Pleas seeking to establish dower rights in real property which was owned by John Walker, deceased. She alleged that John Walker, her late husband, died on March 10, 1920, seized in fee of certain real estate in which she alleged she had a dowerable interest.

The defendant, Eva Walker, filed an answer averring that John Walker died leaving a will, under which she, his wife, was the sole devisee; she alleged that plaintiff was not the wife of John Walker at the time of his death, he having procured a divorce in 1903; it was set forth that said Catherine Walker was not at the death of John Walker, his widow, and that John Walker was not seized in fee simple of any of the real estate described by plaintiff while plaintiff was his wife, that the real estate of which he was seized was purchased in 1910, after he had secured a divorce from plaintiff.

It was put forth by Catherine Walker that John Walker procured a divorce, but that it was obtained on service by publication and that said decree did not bar her from dower. It was sought to predicate a right to an assignment of dower under 8606 GC., which is in part as follows: "a widow or widower who has not relinquished or been barred—one third of all real property of which deceased consort was seized at any time during marriage—etc."

## STATE COURT OF APPEALS, Continued

The court of Common Pleas rendered judgment in favor of the defendant, Eva Walker. Error was prosecuted and the Court of Appeals held:

1. There was no allegation in the petition that the real estate in controversy was purchased by Walker prior to his securing of the divorce, so it was assumed that it was acquired subsequent to the entry of the divorce decree.

2. In the divorce obtained by Walker, it was decreed, that Catherine Walker was barred from all dower and other interests in the estate of her husband. "After an absolute divorce in an action in which the court has jurisdiction of both parties, she is no longer the wife and does not come within the provision of the statute." Weidman v. Weidman, 57 OS. at pg. 103.

3. "It would seem that dower is only allowed to the widow who was the wife of the person dying at the time of his death." Lamkin v. Knapp, 20 OS. at pg. 457.

4. After the divorce was granted Catherine Walker ceased to be the wife of John Walker, and not being his wife at the time of his decease, she was not his widow thereafter and not entitled to dower under 8606 GC. as his widow.

Judgment of lower court affirmed.

Attorneys—W. G. Negley and George Edwards for Catherine Walker; W. R. Stewart for Eva Walker; all of Youngstown.